

FILED
CLERK, U.S. DISTRICT COURT

12/06/2014

CENTRAL DISTRICT OF CALIFORNIA
BY: ___C. Wynn___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

RANDY TSAI-YANG SU,

            Petitioner,

    vs.

STU SHERMAN, WARDEN,

            Respondent.

Case No.  CV 14-6015-SVW (DTB)

ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS
CORPUS FOR LACK OF SUBJECT
MATTER JURISDICTION

On July 28, 2014, petitioner filed a Petition for Writ of Habeas Corpus ("Pet.") pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California.  On July 30, 2014, the matter was transferred to the Central District of California.

It appears from the face of the Petition that it is directed to the same 2007 judgment of conviction sustained by petitioner in Los Angeles County Superior Court which was the basis of his prior habeas petition filed in this Court on July 17, 2009, in CV 09-5204-SVW (DTB) (the "Prior Action").  On May 4, 2011, Judgment was entered in CV 09-5204-SVW (DTB), denying the petition and dismissing that action with prejudice.  Petitioner filed a notice of appeal from that Judgment on May 31, 2011, and the Ninth Circuit denied petitioner's request for a certificate of appealabilty on September 28, 2012.  (See Pet. at ¶¶ 1-2.)

1

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("the Act"), which became effective April 24, 1996.  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1)   A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

> (2)   A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

>> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>> (ii)   the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

> (3)   (A)   Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

/ / /

/ / /

/ / /

2

1    The Petition now pending constitutes a second and/or successive petition

2    challenging the same judgment of conviction as the Prior Action, within the meaning

3    of 28 U.S.C. § 2244(b).  See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009)

4    (holding that dismissal of a habeas petition as time barred under 28 U.S.C. §

5    2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition

6    second or successive for purposes of 28 U.S.C. § 2244(b)).  Thus, to the extent that

7    petitioner is now purporting to raise new claims of error, it was incumbent on him

8    under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the

9    District Court to consider those claims, prior to his filing of the instant Petition in the

10   District Court.  Such permission will be granted only if "the application makes a prima

11   facie showing that the application satisfies the requirements of [Section 2244(b)]."

12   See id.  Only after the Circuit has made the initial determination that the petitioner has

13   made a prima facie showing under § 2244(b)(2) does the district court have any

14   authority to consider whether the petitioner has, in fact, met the statutory requirements

15   of § 2244(b).  See 28 U.S.C. § 2244(b)(4).  Under § 2244(b)(4), the petitioner must

16   make "more than another prima facie showing" in the district court; the "district court

17   must conduct a thorough review of all allegations and evidence presented by the

18   prisoner to determine whether the [petition] meets the statutory requirements for the

19   filing of a second or successive petition."  See United States v.

20   Villa-Gonzalez, 208 F.3d 1160, 1164-65 (9th Cir. 2000).

21   While it does not appear to the Court that petitioner's new claims are based on

22   any new rules of constitutional law made retroactive by the Supreme Court or that

23   petitioner can make the requisite prima facie showing that the factual predicate for his

24   claims could not have been discovered previously through the exercise of due

25   diligence or that petitioner can show that the facts underlying his claims establish his

26   innocence by clear and convincing evidence, that is a determination for the Ninth

27   Circuit to make in the first instance.  Petitioner's failure to secure an order from the

28   Ninth Circuit authorizing the District Court to consider the new claims being alleged

3

in the Petition now pending, prior to his filing of the Petition in the District Court, deprives the Court of subject matter jurisdiction.  See Cooper, 274 F.3d at 1274.

IT THEREFORE IS ORDERED that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:      December 6, 2014

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge

4